UNITED STATES DISTRICT COURT
For The DISTRICT OF MASSACHUSETTS

Boston, MA                                               Civil Action No.

| | |
|---|---|
| Trustees of the Iron Workers ) | |
| District Council of New England Pension, ) | |
| Health and Welfare, Annuity, Vacation, ) | |
| Education Funds, and other Funds, ) | |
|     Plaintiffs, ) | |
| ) | |
| v.                                                       ) | **COMPLAINT** |
| ) | |
| Monadnock Steel & Precast LLC ) | |
| and ) | |
| Monadnock Iron, LLC, ) | |
| and ) | |
| Mark Aho ) | |
|     Defendants. ) | |

## INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1132(a), (d), (f), and (g), other sections and other counts, to recover delinquent contributions to trust funds administered by the plaintiffs, Trustees of the Iron Workers District Council of New England Pension, Health & Welfare, Annuity, Vacation, Education, and other Funds ("Trustees") and owed by each defendant under an *alter ego*, joint employer or other labor law related theory.

## JURISDICTION & VENUE

2. Subject Matter jurisdiction is provided by the Labor Management Relations Act ("LMRA"), 29 USC §185 *et seq*; the Employee Retirement Income Security Act ("ERISA"), 29 USC §§502, 515, and 1132, 29 USC., §§1331 and 1337, among other sections.

3. Venue lies as the Plaintiffs operate from their offices in Boston, MA; Defendants operate a business enterprise doing business in Massachusetts; and a collective

bargaining agreement binding Defendants recites a forum selection clause agreeing to venue in Massachusetts. <u>Exhibit A</u> ("Monadnock Iron-CBA"), at ¶9.

### PARTIES

4. The Trustees administer duly established employee pension, health and other benefit plans formed in accord with 29 USC §§185, 1002 (1), (2) and (3) from the funds' business offices located at 161 Granite Avenue in Dorchester, Massachusetts, 02124, County of Suffolk.

5. Defendant Monadnock Steel & Precast LLC ("Monadnock Steel") has its principal place of business located at 52 Whittemore Hill Road, located in New Ipswich, New Hampshire.

6. Defendant Monadnock Iron, LLC ("Monadnock Iron") had, upon information and belief, an address in Rindge, NH.

7. Defendant Aho resides, upon information and belief, at 52 Whittemore Hill Road, located in New Ipswich, New Hampshire.

### FACTS

8. Monadnock Steel is, upon information and belief, an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §§1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185.

9. Monadnock Iron was during all time material to the facts alleged herein, an employer engaged in commerce within the meaning of §§3(5) and (12) of ERISA, 29 USC §§1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185.

10. Mr. Aho executed the Monadnock Iron-CBA.

11. Mr. Aho owns Monadnock Iron.

12. Mr. Aho owns or controls Monadnock Steel.

13. Mr. Aho, upon information and belief, owns the real property known as 52 Whittemore Hill Road, New Ipswich, NH, from which Monadnock Steel operates.

14. Substantially similar to his activities for Monadnock Iron, Mr. Aho manages and controls, upon information and belief, Monadnock Steel. Specifically, among other things:

    a. He submits bids to its customers, either steel fabricators and/or general contractors for Monadnock Steel to erect steel on construction sites;

    b. He negotiates bid prices for Monadnock Steel;

    c. He engages in other contract negotiations binding Monadnock Steel;

    d. He hires employees and sets their terms and conditions of employment;

    e. He coordinates the work for, and operation of, Monadnock Steel.

15. The Monadnock Iron-CBA includes obligations to make contributions to the Trustees for each hour worked by any employee employed by any Defendant where that labor is articulated in and covered by the Monadnock Iron-CBA ("Covered Work") for pension, health insurance, and other employee benefits trust funds established by the CBA and administered by the Trustees.

16. Mr. Aho, in breach of the Monadnock Iron-CBA, began a new business enterprise, i.e., Defendant Monadnock Steel, as *an alter ego,* successor other business entity of Monadnock Iron or Mr. Aho, to avoid the Monadnock Iron-CBA.

17. Substantially identical to Monadnock Iron are Monadnock Steel's:

    a. Business purpose, i.e., steel erection and installation subcontracting;

    b. Ownership, e.g., Mr. Aho, owned and jointly operated Monadnock Iron, and he owns, operates, manages, and/or controls Monadnock Steel;

    c.   Operations in manner, activity, and geographic area;

    d.   Customers, e.g., steel fabricators and/or general contractors;

    e.   Management, Mr. Aho was Monadnock Iron's "Manager"–among other positions having management function or authority.

18. Mr. Aho, also in breach of the Monadnock Iron-CBA -e.g., at ¶¶4 and 5, started and operates Monadnock Steel to avoid contributions and other obligations.

19. Operating under Monadnock Steel, Mr. Aho refused to submit contributions for Covered Work performed by its employees where the Monadnock Iron-CBA obligates Defendants to pay such contributions, specifically for labor performed on at least the following construction projects:

    a.   EMD Serono Manufacturing Building    Billerica, MA

    b.   WPI Foisie Innovation Center and Messenger Residence Hall    Worcester, MA

    c.   Eaglebrook School    Deerfield, MA

20. Accordingly, Monadnock Steel, and Mr. Aho-personally, owes such contributions stated herein, plus interest, liquidated damages, attorney's fees, and costs of collection in accord with the Monadnock Iron-CBA, trust documents, and ERISA.

### Count I
(Violation of Monadnock Iron-CBA, Contributions and Interest)

21. The Trustees restate all of the facts and allegations set forth in each of the Paragraphs above, and by this reference incorporate them herein.

22. The failure of any Defendant to pay the contributions as stated herein and otherwise follow the Monadnock Iron-CBA for Covered Work breaches the terms of that contract, said breaches have caused grave damage and loss to the Plaintiffs.

### Count II

(ERISA)

23. The Trustees restate all of the facts and allegations set forth in each of the Paragraphs above, and by this reference incorporate them herein.

24. The failure of Monadnock Steel to make payment of all contributions owed under the Monadnock Iron-CBA along with interest owed thereon, violates §515 of ERISA, 29 USC §1145.

25. Absent an order from this Court, Defendants will continue to engage in Covered Work and will continue to refuse to abide by the Monadnock Iron-CBA and avoid contributions owed to the Trustees causing irreparable harm, as follows:

   a. The Trustees may incur liability to Defendants' employees;

   b. The plans administered by the Trustees will receive fewer contributions during the life operation of Monadnock Steel;

   c. Other union employers signatory to the plans may incur increased withdrawal liability, because Defendants refused to pay their due obligations;

   d. The various funds' actuarial projections may be at risk, threatening harm to the soundness of the plans;

   e. The Trustees may be forced to notify participants that plans are operating at risk to non-funding, which will frustrate participants with the plans. Participants may leave plan participating employers to work for employers that are not signatory to the plans further reducing the potential to meet actuarial projections.

## DEMAND FOR JUDGMENT

**WHEREFORE,** the Plaintiff the Trustees respectfully demand that this Court:

   1. Order the attachment of machinery, inventory and accounts receivable of Monadnock Steel;

2. Enter a preliminary and permanent injunction enjoining Defendants from engaging in Covered Work while refusing to abide by the Monadnock Iron-CBA, including to make contributions owed in accord thereof; and
3. Enter judgment in favor of the Plaintiffs together with an award of delinquent contributions, additionally accrued interest on the unpaid contributions, liquidated damages, and attorney fees and costs, as provided for in the Monadnock-CBA and by ERISA; and
4. Provide such other and further relief as the Court may deem proper and just.

>Plaintiffs, Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education & Other Funds,
>By their attorney,
>
>/s/ Mickey Long
>Mickey Long BBO# 634388
>P.O. Box E-1
>193 Old Colony Avenue
>Boston, MA 02127
>TEL: (617) 269-0229
>FAX: 617.765.4300
>mickeylong@outlook.com

February 27, 2017